## John Hartman v. Dudley Loptien.

1. INSTRUCTIONS—*Must Be Based upon Evidence in the Record.*—An instruction not based upon evidence in the case is properly refused.

Assumpsit, for goods sold, etc. Appeal from the County Court of De Kalb County; the Hon. W. L. POND, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

HENRY S. EARLY, attorney for appellant.

CLIFFE & CLIFFE, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On March 15, 1898, appellee, who was a dealer in farming implements, sold appellant a gang plow for $52. Appellant took the plow home with him, and after using it awhile told appellee it did not work properly. The latter at once sent for an expert, who went to appellant's place, and, as appellee says, corrected the trouble. It was then again used for awhile, when further trouble arose and appellee was sent for, and, as he says, remedied the trouble so that it worked all right again. Afterward the plow was sent over to the farm of the father of appellant, where it was used some. Some time during the latter part of August or first of September following, appellant brought the plow back and left it near appellee's place of business. Appellant refused to pay the contract price for the plow, and this suit was brought by appellee to recover it. There was a trial before a jury and a verdict for appellee for $52, for which judgment was given.

Appellant claims there was a warranty of the plow, and that appellee said if it did not work he would make it all right; that he would make the plow work " or else get him one that would work." Appellee denies that there was any such agreement. The question as to whether there

was a special warranty was submitted to the jury, as was also the question of the failure of the plow to fulfill any warranty, express or implied. The jury found for appellee on these questions, and the evidence was sufficient to sustain the finding. Appellant also claims that there was a rescission of the contract, and that he was released from payment by appellee. After the plow was returned there was some conversation between the parties about trading another plow for it, but even according to appellant's testimony, appellee always insisted upon payment being made for the first plow. We find no evidence of a release of appellant from making the payment provided for by the first contract.

Appellant insists that the court erred in giving the fifth, sixth and eleventh instructions offered by appellee for the reason that while stating certain conditions under which appellee would be entitled in law to recover, such instructions failed to submit to the jury the question whether appellee had not, by his statements and conduct, released appellant from payment for the plow. That theory of the case was fully covered by an instruction given for appellant, but in any event the omission could have done appellant no injury, as there is no evidence in the record of a rescission of the contract. While there may be some slight technical objections to other instructions as suggested, yet, when considered in the light of all the evidence, there is no material objection to them. The judgment of the court below will therefore be affirmed.